UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENERAL PHYSIOTHERAPY, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) Case No.4:03CV1058 HEA |
| | ) |
| SYBARITIC, INC., | ) |
| SYMEDEX LLC, and | ) |
| STEVEN J. DAFFER, | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GENERAL PPYSIOTHERAPY, INC. and | ) |
| THOMAS P. MUCHISKY, | ) |
| | ) |
| Counterclaim Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff General Physiotherapy, Inc. ("General") and Counterclaim Defendants General and Thomas P. Muchisky's Motion for Summary Judgment Against Defendants/Counterclaim Plaintiffs' Antitrust Counterclaims and Affirmative Defenses, [#83]. Defendants have responded to the motion. For the reasons set forth below, Plaintiff/Counterclaim Defendants' motion is denied.

**Facts and Background**

Plaintiff brings this action, pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and the common law of the State of Missouri, against Sybaritic, Inc, Symedex LLC, and Steven J. Daffer.[1] Plaintiff claims Defendants infringed Plaintiff's trademark registrations for massage head/applicators. Plaintiff is the exclusive North American licensee for six trademarks, (U.S. Trademark Registration Numbers 2,066,217; 2,039,795; 2,041,648; 2,039,797; 2,038,211; and 1,496,651), and claims it has the right to bring actions for infringement of the trademarks in General's own name. Five of the six registrations (save 1,496,651) are for product configuration trademarks, which are trademarks in which the configuration of the goods constitutes the mark. These five trademark registrations are the subject of this litigation.

In its original Complaint, filed on August 1, 2003, plaintiff makes allegations of trademark infringement, unfair competition, false designation of origin and false description, and dilution against Defendants for the infringement of the massage head/applicator trademark registrations. Plaintiff filed its Amended Complaint against defendants on December 18, 2003, which contains the previously named claims and a

---

[1] Defendant Daffer is the owner of Sybaritic, Inc., and Symedex LLC.

new claim for breach of contract for the violation of a Settlement Agreement entered into by General Physiotherapy, Inc., Sybaritic, Inc. and Steven J. Daffer.[2]

General and Muchisky allege in their motion that in 1957, Henri Cuinier formed the French company Societe D' Appareillage Du Sud-Ouest ("SASO") to manufacture and sell massage machines and related items, including the massage head/applicators in dispute in this suit. In 1990, SASO was acquired by a business man by the name of Jacques Scrimali, and all of SASO's assets were transferred into a new French company, Societe Industrielle D' Appareilage Medical ("SIAM"). In 1995, SIAM was placed in receivership by the French government, and in 1998, all of SIAM's assets were acquired by Physiotherapie Genearle France, of which Mr. Muchisky is the majority shareholder. General and Muchisky claim that since 1973, General and its predecessor company General Theraphysical, Inc., both owned and operated by Mr. Muchisky, have continuously owned or were the exclusive United States distributors for all of the massage head/applicators in dispute in the present lawsuit.

Defendant Steven Daffer owns and controls Defendants Sybaritic, Inc. and Symedex, LLC. Prior to August, 2002, Sybaritic was a distributor for General, selling massage machines and applicator attachments manufactured by or for General. General and Muchisky contend that despite having full knowledge of General's trademark

---

[2] The Settlement Agreement arose from two previous causes of action between General Physiotherapy, Inc. and Sybaritic, Inc., which were consolidated in this Court under Case number 4:01CV01398 HEA.

registrations and General's longstanding use of those trademarks, Defendants have ever attempted to challenge the registrations until this case was filed.

General and Muchisky now move for summary judgment against Defendants/Counterclaim Plaintiffs' antitrust claims and their affirmative defenses, claiming Defendants cannot meet their burden to prove that General and Muchisky acted in bad faith to monopolize the market by enforcing the trademark registrations, and Defendants' unilateral change to their accused products defeats any allegations of antitrust. Defendants, on the other hand, contend that General and its predecessor company General Theraphysical, Inc. have not continuously owned or been the exclusive United States distributors for all the massage head/applicators in dispute since 1973, and that General and Muchisky have engaged in anti-competitive conduct, including the threatening and filing of lawsuits based upon invalid trademarks and non-existent patents. Defendants also dispute whether General and Muchisky have always had a good faith belief that General's registrations and the trademarks they represent were valid and enforceable.

**Standard of Review**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the

moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988); *Conroy v. Reebok Int'l., Ltd.,* 14 F.3d 1570, 1575 (Fed. Cir. 1994), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Once the burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Apple Computer, Inc. v. Articulate Systems,* 234 F.3d 14, 20 (Fed. Cir. 2000). The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. *Celotex*, 477 U.S. at 324. Thus, the party opposing summary judgment "'must set forth specific facts showing that there is a genuine issue of material fact for trial.'" *Phillips Petroleum Co. v. Huntsman Polymers,* 157 F.3d 866, 870 (Fed. Cir. 1998) (citing *Anderson,* 477 U.S. at 256).

## **Discussion**

General and Muchisky limit their summary judgment motion to two arguments.[3] They first claim Defendants cannot show that General and Muchisky acted in bad faith in using the trademark registrations to monopolize the market. Second, General and Muchisky contend that Defendants' conversion of their accused products to alternate competing configurations defeats any allegations of antitrust Defendants have against General and Muchisky. The Court will address each of the respective arguments.

**Bad Faith**

General and Muchisky argue they are entitled to summary judgment because Defendants cannot show bad faith in using the registrations to monopolize the market. In his affidavit, Mr. Muchisky avers that General and General Theraphysical, Inc. have continuously owned or were the exclusive United States distributors for all the massage head/applicators in dispute in the present lawsuit, and that he has always had a good faith belief that the trademark registrations for the massage head/applicators were valid and enforceable. As General and Muchisky observe, a trademark owner should police and enforce its trademark or risk losing its rights in those marks. *See generally, Chattanoga Mfg., Inc. v. Nike, Inc.,* 301 F.3d 789 (7th Cir. 2002) (affirming application of laches in trademark infringement action). General and Muchisky argue further that

---

[3]As Defendants note, General and Muchisky's motion is based solely upon "good faith" and the existence of alternate non-infringing products in the marketplace. The specific elements of Defendants' antitrust claims are not addressed in the motion for summary judgment, thus, Defendants did not detail the evidence in support of those elements in their response.

the good faith enforcement by a plaintiff of its trademark rights does not constitute an antitrust violation or a trademark misuse, *Armstrong Cork Co. v. Armstrong Plastic Covers Co.,* 434 F. Supp. 860, 872 (E.D. Mo. 1977), which therefore warrants summary judgment in their favor.

Defendants, however, dispute whether General and Muchisky have always possessed a good faith belief that General's registrations and the trademarks they represent were valid and enforceable. Defendants argue that the Lanham Act (the Act upon which General's trademark infringement claims are based) recognizes that alleged infringement of even an incontestable mark is subject to the defense that "the mark has been used or is being used to violate the antitrust laws of the United States." 15 U.S.C. § 1115(b)(7). Courts have held that a bad faith assertion of trademark rights can form the basis of a federal antitrust claim. *Kellog Co. v. Nat'l Biscuit Co.,* 71 F.2d 662, 665-66 (2nd Cir. 1934) (where court held "[i]f a person having no substantial claim to a trade-mark . . . uses the claim in bad faith to threaten a competitor and customers with lawsuits in order to prevent dealings by the latter in that commodity, they would seem to be steps in an attempt to obtain a monopoly."). Defendants allege that as early as the 1980s, Muchisky knowingly asserted non-existent patent rights in an attempt to discourage competition in the massage device market. In the 1990s, General controlled nearly 100 percent of the United States market for certain massage devices, and in an effort to unlawfully maintain that monopoly, Muchisky applied for the trademark

registrations referenced in Plaintiff's Amended Complaint. As Defendants claim, Muchisky did so in concert with General, knowing that the product configurations depicted therein were not entitled to trademark protection, because they were used by others well before Muchisky or General used them. Defendants point to Muchisky's intent to restrain trade in the U.S. massage devise and applicator attachments market by way of a telefax sent by Muchisky to Henri Cuinier, dated December 8, 1980. In the telefax, Muchisky appears to encourage Mr. Cuinier to drop his claims that a patent obtained by Muchisky was invalid and to assist him in asserting nonexistent patent rights to exclude competition in the United States. Defendants further allege, by way of a sworn declaration made by Jacques Scrimali, that Muchisky used bullying tactics to drive any would-be competitors out of the U.S. market for massage devices and applicator attachments. General and Muchisky's intent to monopolize and restrain trade allegedly continued throughout the 1980s and 1990s and up until the present.

Defendants also argue that the product configurations for the massage head/applicators are functional, and a product configuration cannot as a matter of law be inherently distinctive. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.,* 529 U.S. 205, 210-211 (2000). If not inherently distinctive, the trademark must have acquired distinctiveness by acquiring a secondary meaning. *Aromatique, Inc. v. Gold Seal, Inc.,* 28 F.3d 863, 869 (8th Cir. 1994). Secondary meaning must therefore be shown to establish distinctiveness when the mark is based on a product configuration. *Samara*

*Bros., Inc.,* 529 U.S. at 210-211. To show secondary meaning, the user of the mark must show that by long and exclusive use in the sale of the user's goods, the mark has become so associated in the public mind with such goods that the mark serves to identify the source of the goods and to distinguish them from those of others. *Aromatique,* 28 F.3d at 870. Yet, as indicated, *supra,* the configurations of the massage head/applicators were used by others well before Muchisky or General used them.

While the configurations of the massage head/applicators have always been represented to the public as functional, they were represented to the Patent and Trademark Office ("PTO") as non-functional. Defendants also claim Muchisky provided other false and/or misleading information to the PTO.[4] This, Defendants contend, indicates the trademark registrations were issued by the PTO based on Muchisky's fraud and that the trademark registrations are not, and were never, entitled to trademark protection. Defendants argue this evidence, and the evidence of Muchisky's bullying tactics and intent to monopolize the market, supports a finding that antitrust laws have been violated and creates a genuine issue of material fact regarding General and Muchisky's claim that they acted in good faith in asserting trademark

---

[4]Defendants reference and attach as exhibits numerous Trademark files in support of this contention.

rights. This Court agrees. General and Muchisky's motion for summary judgment on this ground will be denied.

**Alternate Configurations**

General and Muchisky next claim they are entitled to summary judgment because Defendants' conversion of their accused products to alternate competing configurations defeats Defendants' allegations of antitrust. Defendants, on the other hand, argue that manufacturing alternate non-infringing configurations does not negate their claims of antitrust since General and Muchisky's argument is premised upon the claim that their trademark registrations are valid. The trademark registrations purport to protect the functional aspects of the product which cannot simply be changed without also changing the function of the product. Yet, Defendants' alterations of the product configurations do not also alter the function of the products, since Defendants' product configurations, like General's, are based on the method of massage desired and the part of the body to be massaged. Defendants allege that General and Muchisky's attempts to enforce their trademark registrations, which are based on product function, is an attempt to treat their trademark registrations as if they were patents.

There is a fundamental difference between patents and trademarks. A key provision of the Patent Act provides that "every patent shall contain . . . a grant to the patentee . . . of the right to exclude others from making, using, offering for sale, selling the invention throughout the United States." 35 U.S.C. § 154(a)(1). The subject matter

of a patent is limited to a 'process, machine, manufacture, or composition of matter, or . . . improvement thereof,' 35 U.S.C. § 101, which fulfills the conditions of novelty and utility as articulated and defined in 35 U.S.C. §§ 101 and 102, and nonobviousness, as set out in 35 U.S.C. § 103. A trademark, however, is a designation that identifies the source of a product and distinguishes it from other sources. 15 U.S.C. § 1052. A trademark does not afford rights in the functional shapes or features of a product, rather it affords protection to a name. *See generally, Aromatique, Inc.,* 28 F.3d at 874-75. The sub-category of trade dress law does not protect functional aspects of a product either. *See TrafFix Devices v. Marketing Displays, Inc.,* 532 U.S. 23, 29 (2001). Defendants contend that since General and Muchisky do not have any patent rights in the product configurations depicted in their trademark registrations, they cannot preclude others from manufacturing and selling the products based upon an "illusion of patents."

Defendants claim the PTO originally rejected Muchisky's trademark applications on the grounds that the product configurations were functional and not distinctive.[5] Muchisky did not reveal to the PTO that the shape of the products he was attempting to register was based on the method of massage desired and the part of the body to be

---

[5]As stated, *supra,* the Supreme Court has held that a product configuration cannot as a matter of law be inherently distinctive, and secondary meaning must be shown to establish distinctiveness when the mark is based on a product configuration. *Samara Bros., Inc.,* 529 U.S. at 210-11.

- 11 -

massaged, and he failed to submit to the PTO the advertising and training material which explained that the shape of the products altered the effectiveness when used on different parts of the body. Muchisky also neglected to inform the PTO that the massage head/applicators were sold with General's "G5" trademark on them (which would account for identification by the public as to the source of the products), and that prior to and contiguous with General's sale of the products, other companies offered identical products in the market without any confusion as to source. Additionally, Muchisky failed to reference his own patents, even though expressly requested by the PTO, all of which depicted massage applicators of the sort referenced in the trademark applications. Defendants argue that as to the functionality analysis, Muchisky's failure to cite to relevant evidence had the effect of falsely leading the PTO into believing that the product configurations were distinctive. Muchisky's alleged false representations and failure to provide the information requested by the PTO resulted in the improper issuance of the trademarks in question in this litigation.

General and Muchisky's argument that Defendants' alternate configurations defeats Defendants' antitrust claims contradicts logic if the configurations of the massage head/applicators themselves are functional, in that they are based on the method of massage desired and the part of the body to be massaged. Defendants have, therefore, established a genuine issue of material fact on this issue, and General and Muchisky's motion for summary judgment will be denied.

## **Conclusion**

For the reasons set forth above, General and Thomas Muchisky have not demonstrated that no genuine issue of material fact exists. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff General Physiotherapy, Inc. and Counterclaim Defendants General and Thomas P. Muchisky's Motion for Summary Judgment Against Defendants/Counterclaim Plaintiffs' Antitrust Counterclaims and Affirmative Defenses, [#83], is denied.

Dated this 1st day of February, 2006.

*/s/ Henry Edward Autrey*

---

   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE