UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENERAL PHYSIOTHERAPY, INC., | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| vs. | ) Case No. 4:03CV01058 HEA |
| SYBARITIC, INC., SYMEDEX, LLC, and STEVEN J. DAFFER, | ) |
| Defendants/Counterclaim Plaintiffs, | ) |
| vs. | ) |
| GENERAL PHYSIOTHERAPY, INC. and THOMAS P. MUCHISKY, | ) |
| Counterclaim-Defendants. | ) |

## **ORDER**

This matter is before the Court on Plaintiff/Counterclaim Defendants, General Physiotherapy, Inc. and Thomas Muchisky's Motions in Limine [Doc. Nos. 207, 209, 210, 213, 215, 217, 219, 221, 224, 226, 228, 230, 232, 234, and 236], Plaintiff/Counterclaim Defendants' motions for leave to file various documents [Doc. Nos. 238 and 239], and their Motion for Leave to Designate Portions of Discovery Hearing Transcript to be Used at trial [#240]. The Court will also consider Defendants/Counterclaim Plaintiffs' Motion for Leave to File a Single Document in Response to Plaintiff's Motions in Limine in Excess of the Page Limit [#251] and their

Motion to Strike Plaintiff's Notice of Intent to Impeach the Credibility of Steven Daffer [#247].

As a preliminary matter, the Court will grant the parties' motions for leave to file various documents [Doc. Nos. 238, 239, and 251], except that Plaintiff's motion for leave to designate portions of the discovery hearing transcript for use at trial will be denied. No witness testimony was elicited as evidence at the discovery hearing, and the Court is puzzled as to how the transcript relates to the matters at issue in this lawsuit. Finally, Defendants' Motion to strike Plaintiff's notice of their intent to impeach Steven Daffer based on his prior conviction for mail fraud will be granted for the reasons set forth in this Court's Order addressing Defendants' motions in limine. The Court will now address Plaintiff's motions in limine.

Plaintiff first seeks to exclude evidence and testimony of Jacques Scrimali. Plaintiff believes Defendants will attempt to adduce evidence from Mr. Scrimali regarding a protest he filed against the trademarks-in-suit. Plaintiff argues that since the PTO did not enter such a protest against the trademarks-in-suit, the evidence is irrelevant. Defendants argue that Mr. Scrimali has extensive personal knowledge regarding the massage devise industry, especially the history of the massage applicators at issue in this lawsuit. Defendants also argue that Plaintiffs never sought to strike Mr. Scrimali's Declaration, which was filed in support of Defendants' opposition to Plaintiff's summary judgment motion and is now designated as a trial exhibit. Thus,

Plaintiff's attempt to exclude Mr. Scrimali's personal knowledge and its attempt to categorize all of Mr. Scrimali's knowledge as relating to a "protest" with the PTO is inappropriate. This Court agrees. Mr. Scrimali's personal knowledge regarding the massage device market is not relevant to how such knowledge was used in prior proceedings before the PTO. Plaintiff's motion will be denied at this time.

Plaintiff next seeks to preclude Defendants from "denigrating the U.S. Patent and Trademark Office or its examining attorneys." Plaintiff claims Defendants will attempt to offer testimony denigrating the trademark application process in order to undermine the registered trademarks-in-suit. Defendants argue that Thomas Muchisky's omissions and misrepresentations in his trademark applications are the true insult and denigration to the PTO and that the Lanham Act recognizes that errors occur, either by applicant or on the part of the examining attorney, allowing courts to correct the trademark registry accordingly. Defendants' arguments are well-taken and Plaintiff's motion will be denied at this time.

Plaintiff moves to preclude Defendants from referring to Thomas Muchisky "negatively" because he sought legal protection for trademarks or from referring to Muchisky as "unreasonable." Plaintiff argues Defendants will attempt to paint Muchisky in a negative light and elicit testimony that refers to Muchisky as a "monopolist." Defendants argue that this is an antitrust case, and by its very nature, will require a showing of "unreasonableness" in business dealings. Defendants claim

Mr. Muchisky's anticompetitive business tactics and general course of conduct over the past 20 years is relevant to the antitrust counterclaim. This Court agrees, and Plaintiff's motion will be denied at this time.

Plaintiff seeks to exclude evidence and testimony of Mr. Samuel Digirolamo, on the basis that Mr. Digirolamo contends in his expert report the trademarks-in-suit are invalid based on functionality and non-distinctiveness and the fraud committed upon the PTO. Plaintiff argues the defense of non-distinctiveness is not available in the case of incontestable registrations and the defenses of non-distinctiveness, functionality, and fraud committed upon the PTO were not properly plead in Defendants' counterclaim, nor supported in discovery. Defendants argue that Plaintiff's motion to exclude the testimony of Mr. Digirolamo is based upon the same arguments Plaintiff set forth in its motions to preclude any evidence relating to the affirmative defenses of fraud [#236] and functionality [#232] and is wholly without merit. Defendants claim Plaintiffs misrepresent that it is somehow "surprised" that Defendants intend to show the trademark registrations are invalid because Muchisky omitted information and made misrepresentations to the PTO. This Court, however, has already ruled that Defendants have sufficiently put Plaintiff and Muchisky on notice of the nature of the conduct that underlies the antitrust counterclaim. Likewise, Defendants adequately plead the affirmative defense of invalidity, including the functionality of the products for which Plaintiff claims trademark protection. Defendants also provided notice of the

affirmative defense by way of their responses to discovery requests relating to the antitrust claim. Thus, Plaintiff's motions to preclude evidence of fraud and functionality will be denied at this time. Furthermore, to the extent that Plaintiff's motion to exclude the testimony of Mr. Digirolamo is based upon Defendants' functionality, non-distinctiveness, and fraud defenses, the motion will be denied at this time.

Plaintiff next seeks to exclude all attorney-client materials inadvertently disclosed to Defendants. Plaintiff alleges Defendants will attempt to introduce documents which contain communications protected by the attorney-client privilege and that the potential for prejudice far outweighs any probative value the documents may have. This Court, however, has already ruled that by virtue of the disclosures made by Plaintiff in the discovery process, whether inadvertent or not, the attorney-client privilege was waived. Defendants are entitled to the documents and may use them at trial. As for the potential of any particular document to be prejudicial, the Court will permit Plaintiff to renew its motion at trial. At this time, however, Plaintiff's motion will be denied.

Plaintiff next moves to exclude Steven J. Daffer as an expert witness. Defendants have identified Mr. Daffer as one of the expert witnesses they intend to call at trial to testify on topics related to Defendants' antitrust counterclaim. Plaintiff argues Mr. Daffer has not submitted an expert report and has presented no evidence of the

facts and data upon which he intends to rely or the reliability of the principles and methods he intends to employ. Defendants argue that Plaintiff chose *not* to take Mr. Daffer's deposition and, thus, failed to learn about Daffer's qualifications and the parameters of his opinions. Defendants also claim Mr. Daffer has been in the spa and massage industry for many years and has the requisite qualifications to opine as to the topics disclosed. This Court finds that while Mr. Daffer may have experience in the massage industry, it remains to be seen whether he has specialized knowledge and is qualified as an expert on antitrust issues. Therefore, the Court will provide Defendants with the opportunity to lay a foundation on the issue and permit Plaintiff to renew its motion at trial. Plaintiff's motion will be denied at this time.

Plaintiff next seeks to preclude evidence or arguments which misstate the law of trademarks or confuse trademarks with patents. Plaintiff believes Defendants will attempt to make arguments to the jury that a trademark previously used by others is irretrievably part of the public domain and can never again form the basis of a valid trademark. Plaintiff claims that Defendants have made such arguments in the past and points out that while this is true with respect to patents, it is not true with respect to trademarks. Defendants argue it is Plaintiff's own conduct that confuses trademark law with patent law, since Plaintiff and Muchisky improperly sought and obtained trademarks for products based upon their product design and functionality, not their source. Defendants claim that patent rights in these products were not available

because the products had been in the public domain since the 1950s or had been previously patented. Because the trademarks obtained by Plaintiff and Muchisky were for functional product configurations, Defendants contend Plaintiffs have used the trademarks as if they were patents to keep competitors out of the massage market in violation of antitrust laws. The Court finds that highlighting the difference between patent law and trademark law is an important aspect of this case, and the Court will provide a cautionary instruction to the jury if necessary. Plaintiff's motion will be denied at this time.

Plaintiff's next motion in limine seeks to exclude evidence that predates the parties' February 17, 2003 settlement agreement. Defendants argue it is the law of the case that the settlement agreement did not release any defense except ownership of the trademarks, and conduct predating the settlement agreement is relevant to Defendants' antitrust counterclaim. This Court has already held that the settlement agreement entered into by the parties does not preclude Defendants from demonstrating that Plaintiff and Muchisky have engaged in a scheme to keep others out of the massage device industry. However, this Court has also ruled that the probative value of evidence of the non-compete agreement between the parties, which was released in the settlement agreement, is far outweighed by unfair prejudice and confusion of the issues. Thus, to the extent that Defendants intend to introduce relevant evidence regarding

conduct which predates the settlement agreement and which supports their claims and/or defenses in this case, Plaintiff's motion will be denied at this time.

Plaintiff next seeks to exclude evidence of Defendants' antitrust counterclaims and amended counterclaims. This Court has already held that the evidence supports a finding that antitrust laws have been violated and that a genuine issue of material fact exists regarding Plaintiff and Muchisky's claim that they acted in good faith in asserting their trademark rights. Therefore, Plaintiff's motion will be denied at this time.

Plaintiff next seeks to preclude Defendants from admitting evidence relating to the relevant market in support of their antitrust counterclaim, arguing such evidence was not properly identified or produced by Defendants in discovery. Plaintiff again attempts to claim surprise with regard to discovery issues, a position previously rejected by this Court. Likewise, in its motion to exclude evidence related to Defendants' claim of invalidity or unenforceability of the trademarks-in-suit, Plaintiff also claims surprise. Defendants, however, have raised the issue of invalidity multiple times, with the issue first being raised in Defendants' Answer and Counterclaim, which was filed 18 months ago. Therefore, Plaintiff's motions as to the relevant market [#226] and invalidity [#228] will be denied at this time.

Plaintiff next seeks to exclude evidence of damages related to Defendants' antitrust counterclaims and amended antitrust counterclaims. Plaintiff alleges Defendants have never been specifically responsive to any of Plaintiff's requests

concerning the damages relating to the antitrust claims.  As this Court has already ruled, Defendants have met their discovery obligations regarding the issue of antitrust damages, and Defendants' antitrust counterclaim may proceed to trial.  The Court denied Plaintiff's motion for sanctions relating to Defendants' discovery responses, finding Defendants' responses to be sufficient.  Thus, Plaintiff's motion will be denied at this time.

Finally, Plaintiff seeks to exclude Defendants' claim for cancellation of Plaintiff's trademark registrations, claiming Defendants did not adequately plead a counterclaim for cancellation of the registrations.  Defendants argue that the validity of a trademark, on the basis of functionality or otherwise, may be questioned in any lawsuit in which the trademark is relied upon.  Defendants' argument is well-taken. The Lanham Act grants district courts the authority to "determine the right to registration, order the cancellation of registrations, and otherwise rectify the register with respect to the registrations of any party to the action" in "any action involving the registered trademark."  15 U.S.C. § 1119.  There is no requirement for a separate counterclaim as Plaintiff contends.  Therefore, Plaintiff's motion will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counterclaim Defendants' Motion for Leave to File Amended Pre-Trial [#239] is granted;

**IT IS FURTHER ORDERED** that Plaintiff/Counterclaim Defendants' Motion for Leave to File Supplemental Witness List [#238] is granted;

**IT IS FURTHER ORDERED** that Plaintiff/Counterclaim Defendants' Motion for Leave to Designate Portions of Discovery Hearing Transcript to be Used at Trial [#240] is denied;

**IT IS FURTHER ORDERED** that Defendants/Counterclaim Plaintiffs' Motion for Leave to File Single Document in Response to Plaintiff's Motions in Limine in Excess of Page Limit [#251] is granted;

**IT IS FURTHER ORDERED** that Defendants/Counterclaim Plaintiffs' Motion to Strike Plaintiff's Notice of Intent to Impeach the Credibility of Steven Daffer [#247] is granted;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Evidence and Testimony of Mr. Jacques Scrimali [#207] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Preclude Defendants from Denigrating the U.S. Patent and Trademark Office or its Examining Attorneys [#209] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Preclude Defendants From Referring to Thomas Muchisky

Negatively Because Mr. Muchisky Sought Legal Protection for Trademarks or From Referring to Thomas Muchisky as Unreasonable [#210] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Evidence and Testimony of Mr. Samuel Digirolamo [#213] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude All Attorney-Client Materials Inadvertently Disclosed to Defendants [#215] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Steven J. Daffer as an Expert Witness [#217] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Preclude Evidence or Arguments Misstating the Law of Trademarks or Confusing Trademarks with Patents [#219] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Preclude Evidence or Testimony That Predates the Parties' Previous Settlement Agreement [#221] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Evidence of Defendants' Improperly Plead and

Unsupported Antitrust Counterclaims and Amended Counterclaims [#224] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Preclude Defendants From Admitting Any Evidence or Testimony Relating to the Relevant Market Which Was Not Timely Produced or Identified [#226] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Evidence or Testimony Related to Defendants' Claim of Invalidity or Unenforceability of the Trademarks-In-Suit Which Were Not Timely Produced or Not Previously Identified [#228] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Evidence of Damages Related to Defendants' Antitrust Counterclaims and Amended Antitrust Counterclaims [#230] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Precluded Defendants From Admitting Evidence or Testimony on the Affirmative Defense of Fraud Not Previously Plead [#232] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Exclude Defendants' Claim for Cancellation of Plaintiff's Trademark Registrations [#234] is denied without prejudice;

**IT IS FURTHER ORDERED** that Plaintiffs/Counterclaim Defendants' Motion in Limine to Preclude Defendants From Admitting Any Evidence or Testimony on the Affirmative Defense of Functionality Not Previously Plead [#236] is denied without prejudice;

Dated this 14th day of June, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE